**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
SANAY PANCHAL (SBN 304098)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
Email: spanchal@ohaganmeyer.com

*Attorney for Defendant*
*Walmart Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NELL BRONNER, an individual, | Case No.: 22-4199 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.** |
| vs. | |
| WALMART INC., a corporation; and DOES 1 through 50, Inclusive, | [Filed concurrently with Civil Cover Sheet and Notice of Interested Parties] |
| Defendant(s). | Complaint Filed: April 15, 2022<br>Trial Date: None Assigned |

///
///
///
///
///

1
**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby remove this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 22STCV12794, to the United States District Court for the Central District of California, Western Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Mary Nell Bronner is a resident, citizen and domiciliary of the State of California. Defendant Walmart Inc. is an Arkansas corporation with its principal place of business in the State of Arkansas.

**BACKGROUND**

On April 15, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled "Mary Nell Bronner *v.* Walmart Inc., a corporation and DOES 1 to 50, inclusive", as Case Number 22STCV12794. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Walmart Inc. has been served with a copy of the Summons and Complaint.

Plaintiff asserts in the Complaint two causes of action, for negligence and premises liability, arising out of a slip and fall incident that allegedly occurred at a Walmart retail store located in Lakewood, California, on or about April 22, 2021. Plaintiff claims that as a result of her slip and fall, she sustained serious injuries and damages. (*See* Complaint, **Exhibit 1**, at ¶ 9.) In her Statement of Damages (attached hereto as **Exhibit 2**), Plaintiff asserts that she is seeks the following damages:

- ➢ Pain, suffering, and inconvenience - $100,000.00
- ➢ Emotional distress - $100,000.00
- ➢ Medical expenses (to date) - $100,000.00

- Future medical expenses (present value) - $100,000.00
- Loss of earnings (to date – Unknown
- Loss of future earning capacity (present value) – Unknown

In total, Plaintiff is seeking damages in excess of $400,000.00.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I.   The Amount-In-Controversy Requirement is Satisfied.

Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.  Upon request, however, she is required to provide a detailed statement of damages within fifteen (15) days.  Before Plaintiff served Defendant with the Summons and Complaint, however, she prepared and caused to be served *with* the Complaint, her "Statement of Damages." (**Exhibit 2**) Therein, Plaintiff asserts damages in excess of $400,000.00.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy.  "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses

and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In her Complaint, Plaintiff asserts that as a proximate result of Defendant's conduct, she "was hurt and physically injured, sustaining medical bills, property damage, loss of earnings/earning capacity, pain, suffering, loss of enjoyment of life and other damages, and will continue to sustain such damages in the future." (Complaint, **Exhibit 1**, at ¶ 9.) Plaintiff also claims that she "was injured in her health, strength and activity, sustain [sic] bodily injury and shock to her nervous systems, which has caused and will cause, great mental and physical pain and suffering…." (*Id.* at ¶ 19.) Plaintiff claims that as a consequence of her injuries, she

has incurred and will incur medical and related expenses (*Id.* at ¶ 20) and a loss of earnings and earnings capacity (*Id.* at ¶ 21). In her prayer for relief, Plaintiff seeks general damages, medical and related expenses, loss of income and earning capacity, pre-judgment interest and costs of suit and attorney fees. (*Id.* at Prayer for Relief.)

Plaintiff's Statement of Damages (**Exhibit 2**) should be received as "strong evidence" of the amount in controversy in this instance, particularly in light of the serious nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores. While Plaintiff was not required to submit a statement of damages prior to serving the Complaint, she elected to do so with the specific intent of having said statement served together with the Summons and Complaint.  While Plaintiff may not ultimately be able to recover as much as $400,000.00 for her alleged injuries as is reflected in her Statement of Damages, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where she has alleged not less than $400,000.00 in general and special damages including medical, hospital and related expenses, loss of earnings, loss of future earning capacity, and pre- and post-judgment interests and costs of suit.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

Plaintiff alleges at paragraph 1 of the Complaint that she is a resident of Los Angeles County, California.  Plaintiff is a citizen of California.  Plaintiff alleges at paragraph 2 of the Complaint that Defendant Walmart Inc. is a corporation. Defendant admits that it was incorporated in the State of Delaware and that its principal place of business is in the State of Arkansas.  For purposes of diversity, Defendant is a citizen of Arkansas and Delaware.

The Complaint also names "Doe" Defendants that are allegedly "legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff…" (Complaint, **Exhibit 1**, at ¶ 3.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III. The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed her Complaint with the state court on April 15, 2022. Defendant was served with the Summons and Complaint on June 6, 2022.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (20STCV4950) to be included with this Notice of Removal. True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Statement of Damages

- **Exhibit 3** – Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Notice of Case Assignment

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: June 17, 2022              Respectfully submitted,

                                  O'HAGAN MEYER


                                  By:  /s/ Theodore C. Peters
                                       THEODORE C. PETERS
                                       SANAY PANCHAL
                                       *Attorneys for Defendant*
                                       *Walmart Inc.*